IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEX MORENO and ERIKA MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ADJUDICATION OF ATTORNEY'S FEES**<br><br>2:18-cv-436<br><br>Chief District Judge Robert J. Shelby |

Plaintiffs Alex Moreno and Erika Miranda sued Defendant Heideman & Associates (Heideman) for alleged violations of the Federal Fair Debt Collections Practices Act.[1] Heideman made an offer of judgment under Federal Rule of Civil Procedure 68. In relevant part, that offer provided,

> Defendant Heideman & Associates ("H&A") hereby offers to allow judgment to be taken against it, and in favor of Plaintiffs, Alex Moreno and Erika Miranda (hereinafter "Plaintiffs"), in the amount of $2,000.01, plus *all reasonable attorneys* [sic] *fees and costs incurred to date*, to resolve all claims against it in the above captioned case against H&A.[2]

Moreno and Miranda accepted the offer.[3] But a dispute later arose over the amount representing a reasonable attorney's fee.[4] Before the court is Plaintiffs' Motion for Adjudication of Attorney's Fees.[5]

---

[1] Dkt. 2 at ¶¶ 17-23.

[2] Dkt. 16 at 3 (emphasis added).

[3] *Id.* at 1.

[4] *Id.* at 2.

[5] Dkt. 17.

Plaintiffs argue they are entitled to an award in the amount of all reasonable attorney's fees they incurred as of the date of the Rule 68 offer *plus* all reasonable attorney's fees they incurred for "the collection of the judgment."[6] But the Rule 68 offer specifically provided for the recovery only of "reasonable attorneys [sic] fees and costs incurred to date." Consistent with the plain language of the Rule 68 offer, the court will award an amount equal to the reasonable attorney's fees Moreno and Miranda incurred as of the date of the Rule 68 offer: October 23, 2018.[7]

After careful review of the accounting records submitted,[8] and using a lodestar method that multiplies reasonable local hourly rates by the number of hours an attorney would have reasonably spent on the litigation, the court finds the reasonable attorney's fees and costs incurred by Moreno and Miranda as of October 23, 2018 is $4,116.90.

To resolve the Motion for Adjudication of Attorney's Fees, as well as related Motions before it, the court:

- GRANTS in part and DENIES in part Moreno's and Miranda's Motion for Adjudication of Attorney's Fees.[9]

- DIRECTS the clerk of court to enter judgment in favor of Moreno and Miranda in the amount of $6,116.91.

---

[6] Dkt. 17 at 1-2. The parties' other arguments vary between lobbing uncivil insults, dkt 21 at 7-8; complaining about opposing counsel's bargaining position, *see, e.g.*, dkt. 17 at 5-6; attempting the litigate the merits of the underlying case, *see, e.g.*, dkt. 21 at 5-6; or otherwise making irrelevant arguments. These arguments lack legal basis and bear no effect on this ruling. The only argument warranting analysis is Heideman's argument that a settlement agreement, which the parties allegedly entered into after the Rule 68 offer and acceptance, released Heideman for all liability in this case. Dkt. 23. Heideman cites Federal Rules of Civil Procedure 7 and 46, as well as District of Utah Rule of Civil Procedure 7-1, for legal support, *id.* at 1; however, these rules offer none. The argument fails.

[7] *See* 12 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 3005.1 (2d ed. 2018) ("[I]f the [Rule 68] offer explicitly limits the fee award to fees incurred before the date of the offer, further legal work should not be included.").

[8] Dkt. 17-1 and its exhibit B; Dkt. 18.

[9] Dkt. 17.

- DENIES Heideman's Motion to Enforce Release of Claims/Objection to Entry of Judgment[10] and Cross Motion for Attorney's Fees.[11]
- DIRECTS the clerk of court to close this case.

**SO ORDERED** this 4th day of January, 2019.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[10] Dkt. 23.

[11] Dkt. 22.